G. David Robertson, Esq., (CA Bar # 111984)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
Bank of America Plaza
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
gdavid@nvlawyers.com
Attorneys for Plaintiff Glenbrook Partners, L.P.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| GLENBROOK PARTNERS, L.P., a Nevada limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELICA THERAPEUTICS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00607-LRH-WGC<br><br>ORDER APPOINTING JAMES S. PROCTOR AS RECEIVER |

On January 21, 2020 this Court granted Plaintiff, Glenbrook Partners, L.P., a Nevada limited partnership's ("Glenbrook"), Application for Appointment of Receiver. Defendant, Angelica Therapeutics, Inc., a Delaware corporation ("Angelica"), did not file a response to the Application. In the Order Granting Application for Appointment of Receiver, this Court directed Glenbrook to file a proposed order regarding James S. Proctor's appointment as receiver and to identify his scope of authority.

FOR GOOD CAUSE APPEARING, James S. Proctor is hereby appointed as receiver. Based on the record, pleadings on file herein, and applicable authority, a receiver must be appointed to preserve the intellectual property at issue in this case. The Court is persuaded that the only plausible and efficient way for Glenbrook to effectuate the judgment it has against

Angelica is to obtain title of U.S. Patents #8252897, #8470314, and #10059750, and sell the patents in a public auction.

**I. LEGAL STANDARD**

Under Canada Life Assur. Co. v. LaPeter, the Ninth Circuit held that federal law governs the appointment of a receiver by a district court where jurisdiction is based on diversity. 563 F.3d 837, 842 (9th Cir. 2009). A district court has broad discretion when determining whether to appoint a receiver, but should consider the following factors:

> whether (1) the party seeking appointment has a valid claim; (2) there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) legal remedies are inadequate; (5) harm to the plaintiff by denial of appointment outweighs injury to party opposing appointment; (6) plaintiff has a probable chance of success in the action; (7) there is a possibility of irreparable injury to plaintiff's interest in the property; (8) the plaintiff's interests sought to be protected will, in fact, be well-served by receivership; and (9) defendant is of doubtful financial standing.

Id. at 844 (internal citations omitted).

The Court finds all of the factors outlined in Canada Life weigh heavily in favor of appointing a receiver to preserve assets and effectuate Glenbrook's judgment against Angelica. No alternative legal remedies exist to effectuate the judgment.

**II. ANALYSIS**

In this case, the only way to properly preserve chain of title of Angelica's patents is by appointing James S. Proctor to accept assignment of the patents and then to auction the patents to recover Glenbrook's outstanding judgment. Finnegan v. Finnegan, 64 Cal. App. 2d 109, 112, 148 P.2d 37, 38 (1944); Peterson v. Sheriff of City & Cty. of San Francisco, 115 Cal. 211, 213, 46 P. 1060 (1896); Ager v. Murray, 105 U.S. 126 (1881); see also, David J. Cook, Post-Judgment Remedies in Reaching Patents, Copyrights and Trademarks in the Enforcement of A Money Judgment, 9 Nw. J. Tech. & Intell. Prop. 128, 132 (2010).

Glenbrook has a valid claim against Angelica in the form of the Stipulated Judgment both parties executed in 2018. Because a court enforces settlement agreements just like any other contract, this Court will enforce the Stipulated Judgment as signed by the parties. Jeff D. v.

Andrus, 899 F.2d 753, 759 (9th Cir. 1989). According to the terms of the parties' settlement agreement, if Angelica failed to pay the full amount due and owing under the convertible promissory note, plus interest, then Glenbrook would have full authority to file the Stipulated Judgment to preserve recovery of the outstanding amount. The Stipulated Judgment was signed by both parties, approved by the Court, and entered by the Clerk as an official Federal Court Judgment against Angelica. The Court finds Glenbrook not only has a valid claim against Angelica, but the Stipulated Judgment formalizes Glenbrook's success against Angelica.

Additionally, the Court is persuaded that James S. Proctor must be appointed as receiver to preserve the status of the patents. Because Glenbrook risks losing its entire judgment against Angelica if certain maintenance fees are not paid, the Court finds the most efficient way to preserve the status of the judgment, and to prevent Glenbrook from suffering any significant monetary losses, is by appointing James S. Proctor to oversee the maintenance and collection of the patents.

NOW, THEREFORE, AND GOOD CAUSE APPEARING, THE COURT HEREBY APPOINTS JAMES S. PROCTOR AS RECEIVER. James S. Proctor shall conduct an auction of any intellectual property held by Angelica to collect the full amount of Glenbrook's judgment against Angelica.

The Court HEREBY limits James S. Proctor's scope of appointment as follows:

- James S. Proctor shall have authority to effectuate the transfer of any intellectual property from Angelica to Glenbrook;
- James S. Proctor shall have authority to effectuate any sale or auction of all intellectual property in Angelica's possession;
- James S. Proctor has the authority and discretion to take possession of and conserve, preserve, and administer all intellectual property;
- James S. Proctor has the authority and discretion to recover any assets to execute Glenbrook's judgment against Angelica;
- James S. Proctor has the authority and discretion to manage and operate any affairs concerning the intellectual property, including, without limitation, paying

Robertson, Johnson, Miller & Williamson
50 West Liberty Street
Suite 600
Reno, Nevada 89501

and/or compromising any debts, obligations and/or expenses owed in connection therewith;

- James S. Proctor has the authority and discretion to review any and all functions necessary to dispose of the intellectual property, including, without limitation, marketing the intellectual property at auction;
- James S. Proctor has the authority and discretion to take immediate control and possession of any intellectual property, including all bank accounts, funds, and other records related thereto;
- James S. Proctor has the authority and discretion to hire independent legal counsel and any other professionals necessary to carry out his duties; and
- James S. Proctor has the authority and discretion to perform any other duties and obligations necessary to execute the Judgment.

FURTHER, the Court HEREBY ORDERS that James S. Proctor:

- Shall not be charged with overseeing any of the operations of Angelica;
- Shall not be charged with the oversight of the operations of Angelica;
- Shall not be charged with the maintenance of the validity of Angelica or keeping it in good standing;
- Shall not be charged with the preparation of tax returns;
- Shall not be charged with the preparation of any financial statements, licensing, regulatory agency filings and reports;
- Shall not be charged with dealing with and/or paying any creditors of Angelica (with the exception of executing on Glenbrook Partners' Judgment); and
- Shall not be liable for any actions or failure to act for Angelica.

FURTHER, the Court ORDERS that James S. Proctor shall be relieved of any and all tax consequences incurred to Angelica upon the auction of the patents.

IT IS SO ORDERED.
DATED: February 11, 2020.

By: *William G. Cobb*
U.S. MAGISTRATE JUDGE

Robertson, Johnson, Miller & Williamson
50 West Liberty Street
Suite 600
Reno, Nevada 89501